**FILED**

**DEC 21 2016**

**CLERK, U.S. BANKRUPTCY COURT
WEST DIST. OF PENNSYLVANIA**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No.: 16-21971-GLT |
| | : | Chapter: 13 |
| Derrik Anthony Kuhns | : | |
| Staci Ann Kuhns | : | |
| | : | Date: 12/21/2016 |
| *Debtor(s).* | : | Time: 09:30 |

## PROCEEDING MEMO

**MATTER:** #54 - Confirmation of Chapter 13 Plan Dated 9-16-16 (NFC)
#58 - Objection by PNC
#76 - Objection by PNC
#79 - Objection by LSF9 Master Participation
#82 - Objection by PNC
#90 - Objection by First Commonwealth Bank

*APPEARANCES*:
Debtor:     Matthew R. Schimizzi
Trustee:    Jana Pail
PNC:        Keri Ebeck, Mark Pecarchik, and James Warmbrodt
LSF9:       James Prostko

*NOTES:*

Pail - 53 months elapse. Plan confirmed on an interim basis. Wages are remitting. Arrears of approximately $8,227. Plan is contingent upon a sale of property. Needs an update regarding the status of the sale. Plan currently states that sale will occur by the end of the plan term, which is unacceptable to the trustee. An amended plan needs to be filed to be in line with the filed proofs of claim.

Schmizzi - Tenants have expressed an interest in purchasing the properties. Agreement of sale will be filed with respect to one of the properties. Debtors have agreed upon a purchase price on all of the properties. Question of whether the tenants are able to secure financing to purchase the properties. Separate agreements with separate purchasers. No objection to setting a timeframe for the sale, but does not necessarily see the need to do so. Debtors are making adequate protection payments. Asks that the case be scheduled for a conciliation conference. Informed the Debtors that they needed a clear idea if the tenants were purchasing properties by mid-January 2017. If not, will need to employ a realtor. Can include a mortgage contingency in any agreement of sale.

Pecarchick - First mortgage on 1816 First Avenue. Does not oppose a continuance, but believes a continuance to March 2017 may be too long.

Court - A period of 30 to 60 days to work out agreements with the tenants would make sense. If agreements cannot be reached, would expect the Debtors to employ a broker to attempt to sell the property through Summer 2017. This is conditioned upon the agreement that payments remain substantially current and that progress is made towards the sale of the properties.

Pecarchick - Credit worthiness of tenants can be determined in a very short time. Concerned with getting all of these tenants on board with a sale. Believes a realtor could help to facilitate that process.

Schmizzi - Significant equity in the First Avenue property.

Ebeck - No opposition to the Court's timeline, but would suggest that a sale agreement needs to be signed within 30

days to establish deadlines.

Warmbrodt - Would like to be able to inform client as to progress being made rather than arbitrary deadlines. With respect to the Robinson property, unsure there would be sufficient equity if a realtor was employed and commission needed to be paid.

Prostko - If the sale does not provide for funds sufficient to pay LSF9's claim in full, will object to the sale.

Court - Debtor to execute sale agreements with potential (tenant) purchasers by January 31, 2017. If an agreement cannot be procured by that date, and if it appears that the tenants do not have the financial wherewithal to more forward with the sales, Debtors to file any necessary motions to employ a broker by mid-February 2017 with any sales to occur by the end of Summer 2017.

*OUTCOME:*

1. Amended plan to be filed within 30 days incorporating the sale schedule outlined by the Court, and set for conciliation conference. If any property remains unsold by September 30, 2016, the Court will reassess the Debtor's plan funding options at that time. (CT to prepare).

**DATED:** 12/21/2016