FILED

FEB 15 2017

CLERK, U.S. BANKRUPTCY COURT
WEST DIST. OF PENNSYLVANIA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No.: 16-21971-GLT |
| | : | Chapter: 13 |
| Derrik Anthony Kuhns | : | |
| Staci Ann Kuhns | : | |
| | : | Date: 2/15/2017 |
| Debtor(s). | : | Time: 09:00 |

## PROCEEDING MEMO

**MATTER:** #108 - Amended Motion for Relief from Stay filed by First Commonwealth Bank
#112 - Response by Trustee
#118 - Response by Debtor

**APPEARANCES:**
Debtor:       Matthew R. Schimizzi
Trustee:      Jana Pail
First Comm.:  Brett Solomon

**NOTES:**

Solomon - Filed motion for relief based upon a loan secured by mortgages on two properties. Debtors do not own the properties in question (owned by an LLC). Filed an unsecured proof of claim because, as to these Debtors, the loans are unsecured. Appears that Debtors have begun making payments towards the First Commonwealth loan. They intend to continue to pay First Commonwealth as a secured creditor in the plan. About $3,500 past due. Would not object to conditional relief from stay through plan confirmation. Only received about 2.5 of 10 payments because First Commonwealth had not been treated as a secured creditor. Does not dispute that there is an equity cushion of about $14,000 based upon appraisals conducted during a foreclosure action in March 2016.

Schmizzi - In the original chapter 13 plan, did not provide for adequate protection payments to First Commonwealth. Filed an amended chapter 13 plan on January 20, 2017 which now treats First Commonwealth as a specially-classified unsecured creditor. Debtors own several rental properties. Will be filing an application to employ real estate broker to sell most of the rental properties. Error on the part of counsel for not properly classifying First Commonwealth in the original plan. Debtors intended to adequately protect First Commonwealth from the beginning of the case. Regarding the sale of the rental properties, no sale agreement is in place. The broker is in the process of reviewing the properties.

Pail - Trustee began disbursing adequate protection payments to First Commonwealth. So far, $1,391.27 has been distributed to the bank. Payments have been applied retroactively. $3,512.83 in arrears remains due.

Court - Trustee is distributing adequate protection payments to First Commonwealth. Finds it significant that there is an acknowledged equity cushion to adequately protect First Commonwealth. Plan for the sale of the properties is in place. Equity from these properties will go towards plan funding. Finds that a "drop dead" order is not appropriate.

**OUTCOME:**

1. Order to be issued denying Motion for Relief from Stay. O/E.

**DATED:** 2/15/2017